UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-06955-JLS-SK                                        Date: January 17, 2023
Title: Jacob McKeehan v. JetSuiteX, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                            Not Present

**PROCEEDINGS:**  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 10)

Before the Court is a Motion to Remand brought by Plaintiff Jacob McKeehan. (Mot., Doc 10.) Defendant JetSuiteX, Inc. ("JetSuiteX") opposed, and McKeehan replied. (Opp., Doc. 16; Reply, Doc 17.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for January 20, 2023 at 10:30 a.m. is VACATED. For the reasons given below, the Court GRANTS McKeehan's Motion.

## I.   BACKGROUND

JetSuiteX employed McKeehan, a California resident, as a non-exempt employee. (Compl., Doc. 1-3 ¶¶ 1, 10.) McKeehan allges that JetSuiteX "engaged in a systemic pattern of wage and hour violations." (*Id.* ¶ 3.) On July 28, 2022, McKeehan filed a class action complaint in Los Angeles County Superior Court, asserting claims for: (1) Violation of Cal. Lab. Code §§1194, 1194.2, and 1197 (Unpaid Minimum Wages); (2) Violation of Cal. Lab. Code §§510, 1194, and 1198 (Failure to Pay Overtime); (3) Violation of Cal. Lab. Code §§ 226.7 and 512 (Failure to Provide Meal Periods); (4) Violation of Cal. Lab. Code § 226.7 (Failure to Permit Rest Breaks); (5) Violation of Cal. Lab. Code § 226 (Failure to Provide Accurate Itemized Wage Statements); (6) Violation of Cal. Lab. Code §§ 204 and 210 (Failure to Pay Timely During Employment); (7) Violation of Cal. Lab. Code §§ 201, 202, and 203 (Failure to Pay All

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06955-JLS-SK                                          Date: January 17, 2023
Title: Jacob McKeehan v. JetSuiteX, Inc. et al

Wages Due Upon Separation of Employment); and (8) Violation of Cal. Bus. & Prof. Code §17200 *et seq*. (Unfair Business Practices).  (Compl. ¶¶ 36-97.)  McKeehan also requests attorneys' fees, where applicable.  (*Id.*)

JetSuiteX removed the action to this Court on September 26, 2022, asserting that subject matter jurisdiction was appropriate under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (Notice of Removal ("NOR"), Doc. 1.)  McKeehan now moves to remand this action to Los Angeles County Superior Court, arguing that this Court does not have subject matter jurisdiction because the amount in controversy is insufficient under CAFA.  (Mot. at 2.)

**II.     LEGAL STANDARD**

"[CAFA] vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different from any defendant."  *Mortley v. Express Pipe & Supply Co.*, No. 17-1938, 2018 WL 708115, at *1 (C.D. Cal. Feb. 5, 2018) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007); 28 U.S.C. § 1332(d)).[1]  Here, only the amount in controversy is at issue.

"In determining the amount in controversy [under CAFA], courts first look to the complaint.  Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Where damages are not explicitly pleaded or evident from the face of the complaint, and federal jurisdiction is questioned on that basis, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in

---

[1] Moreover, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06955-JLS-SK                                    Date: January 17, 2023
Title: Jacob McKeehan v. JetSuiteX, Inc. et al

controversy exceeds $5 million." *Id.* As this Court described in *Mortley*, "[a] defendant's preponderance burden 'is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages.'" 2018 WL 708115, at *2 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

The Ninth Circuit has held that "CAFA's [amount-in-controversy] requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198. Hence, beyond actual evidence, district courts may consider context and reasonable conjecture when evaluating a removal premised on CAFA jurisdiction.

### III. DISCUSSION

Here, the Complaint seeks no specific amount in damages and the amount in controversy is not apparent by looking at the Complaint's four corners; therefore, JetSuiteX must prove by a preponderance of the evidence that the damages claimed exceed $5 million. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007), *overruled on other grounds*. A defendant may rely on: (1) the allegations in the pleadings, (2) factual statements in its removal notice and (3) summary-judgment-type evidence submitted in opposition to a remand motion. *See Yocupicio v. PAE Grp., LLC*, No. 14-8958, 2014 WL 7405445, at *2 (C.D. Cal. Dec. 29, 2014), *rev'd on other grounds*.

In its Notice of Removal, JetSuiteX argues that the amount-in-controversy minimum is met on the basis of McKeehan's claims for failure to provide meal and rest periods, waiting time penalties, wage statement penalties, failure to pay minimum wages and overtime, and his request for attorneys' fees. (Notice at 11-17.) McKeehan argues that JetSuiteX has unreasonably assumed a 60 percent violation rate in calculating the amount in controversy for meal and rest period claims, its assumed overtime and minimum wage violation rate is unreasonable and its estimates are duplicative, its estimates for the maximum penalty for wage statement violations and waiting time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06955-JLS-SK                                              Date: January 17, 2023
Title: Jacob McKeehan v. JetSuiteX, Inc. et al

penalties are speculative, and its calculation of attorneys' fees is unsupported.  (Mot. at 3-6.)

McKeehan alleges in his Complaint that "Plaintiff and Class Members did not receive compliant meal periods … because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period" and that "Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, and/or short meal periods."  (Compl. ¶¶ 60, 62.)  Similarly, McKeehan alleges that "Plaintiff and Class Members did not receive a ten (10) minute rest period … because they were required to work through their rest periods and/or were not authorized to take their rest periods" and that "Defendant failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods."  (*Id.* ¶¶ 67, 69.)  In support of removal, JetSuiteX submitted the declaration of Kevin Horan, the Chief Corporate Soul Officer for all divisions of JetSuiteX and who oversees Human Resources.  (Horan Decl., Doc. 1-1 ¶ 1.)  Horan asserts that during the class period, the putative class includes at least 253 hourly-paid non-exempt employees in California, who worked at least 13,513 workweeks and at least 6,232 pay periods, and were paid an average hourly rate of $20.99.  (*Id.* ¶ 4.)

JetSuiteX assumed a 60 percent violation rate for meal and rest periods, which it calls a "conservative estimate," based on McKeehan's "alleged 'policy and practice' or 'regular' meal and rest period violations,"[2] generating an amount in controversy of $1,701,827.22 based on these two claims.  (NOR ¶ 28.)  McKeehan argues that these are merely "speculative calculations" and that "[t]here are no allegations in the complaint to support these assumptions."  (Mot. at 4.)  JetSuiteX argues that "Plaintiff's broadly worded Complaint begs for a higher violation rate, and Plaintiff offered no evidence to support a lower violation rate."  (Opp. at 14.)  The only evidence JetSuiteX relies on to reach its 60 percent figure are vague claims of systemic violations from the Complaint and the declaration regarding the number of employees in the class, the number of overall workweeks, and pay during the class period.

---

[2] Meal Period calculation: 13,513 workweeks x $20.99 average hourly rate x 5 total shifts per week x 60% violation rate = $850,913.61.  Rest period calculation: 13,513 workweeks x $20.99 average hourly rate x 5 total shifts per week x 60% violation rate = $850,913.61.  (NOR ¶ 28.)

**CIVIL MINUTES – GENERAL**                                                                                                 4

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06955-JLS-SK                                                    Date: January 17, 2023
Title: Jacob McKeehan v. JetSuiteX, Inc. et al

      For reasons this Court has expressed in other recent cases, the Court finds that the generalized allegations in the Complaint do not support an assumption of a violation rate of 60 percent.  *See, e.g., Gonzalez v. Randstad Professionals US, LLC*, No. 22-5744, 2022 WL 17081053, at *3 (C.D. Cal. Nov. 18, 2022) (rejecting assumption of 100 percent violation rate and noting that "recently … this Court has declined to allow defendants to translate vague pattern and practice language in a complaint into a purportedly reasonable violation level without providing any evidence at all" (quotations omitted)); *Gonzalez v. H&M Hennes & Mauritz, LP*, No. 21-1611, 2022 WL 179292, *4 (C.D. Cal. Jan. 20, 2022) (rejecting assumption of 20 percent violation rate, explaining that "[i]f one is going to assume a violation rate based on nothing more than language in a complaint referencing violations 'at times,' then there is no basis for suggesting that a violation rate of once per week as opposed to once per month, or once every few months, per class member, is reasonable" (quotations omitted)).  There is simply nothing in McKeehan's allegations that makes the assumption of a 60 percent violation rate more reasonable than, say, a 40 percent violation rate or a 25 percent violation rate.  Nor is JetSuiteX assisted by relying on various district court cases – including decisions from this Court – that have used a wide variety of violation rates.  *See, e.g.*, *Sanchez v. Russell Sigler, Inc.*, No. 15-1350, 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015) (100 percent violation rate reasonable); *Oda v. Gucci Am., Inc.*, No. 14-7468, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (50 percent); *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) (60 percent); *Mariscal v. Ariz. Tile, LLC*, 2021 WL 1400892, at *3 (C.D. Cal. Apr. 14, 2021) (25 percent).  The variability as to what constitutes a "reasonable" violation rate among district courts based on complaints alleging pattern-and-practice violations for CAFA jurisdiction purposes demonstrates the randomness that results from trying to "read the vague tea leaves" in generalized pleadings in order to reach a percentage violation rate that is reasonable.  *Toribio v. ITT Aerospace Controls LLC*, No. 19-5430, 2019 WL 4254935, at *2 (C.D. Cal. Sept. 5, 2019).  As this Court explained in *Cackin v. Ingersoll-Rand Industrial U.S., Inc.*, "[h]aving now engaged in this endeavor on multiple occasions, the Court has become convinced that this approach—which amounts to little more than plucking a violation rate out of the air and calling it 'reasonable'—is 'a wasteful and silly, but routine, exercise in mathematical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06955-JLS-SK                                            Date: January 17, 2023
Title: Jacob McKeehan v. JetSuiteX, Inc. et al

fantasyland.'" No. 20-02281, 2021 WL 2222217, at *3 (C.D. Cal. June 2, 2021) (quoting *Toribio*, 2019 WL 4254935, at *3).

The Court has the same concern regarding JetSuiteX's assumed 60 percent violation rate as to failure to pay minimum wages and overtime hours based on McKeehan's allegations that "Defendants failed to pay at least minimum wage for all hours worked" and "Defendants failed to pay Plaintiff and Class Members overtime wages for all hours worked."[3] (Compl. ¶¶ 39, 51.) As with the meal and rest period violations, these allegations do not point to a 60 percent violation rate, nor does JetSuiteX provide any evidence that would do so. JetSuiteX also includes in its Opposition a calculation of liquidated damages of the same amount as the minimum wage claim (this claim was not included in the Notice of Removal). (Opp. at 16.) Because the amount-in-controversy calculation regarding minimum wages is not reasonable, neither is this liquidated damages calculation.

JetSuiteX's meal and rest period violations account for $1,701,827.22 of its estimate of the amount-in-controversy. Its estimate for the minimum wage claim is $850,913.61, for liquidated damages is $850,913.61, and for the overtime claim is $1,276,573.11. Taken together, these four claims, according to JetSuiteX, place $4,680,227.55 in controversy. For the reasons explained above, the Court cannot rely on JetSuiteX's calculations as to these four claims. The Court does not assume that these four claims are valueless, but it "cannot simply pull numbers from the ether" in order to supply the amount-in-controversy. *Toribio*, 2019 WL 4254935, at *4. Without these claims, even holding all of JetSuiteX's other assumptions constant, JetSuiteX has not shown an amount-in-controversy over $5 million.

---

[3] McKeehan also argues that these estimates are duplicative because it assumes that class members experienced both unpaid minimum wages and unpaid overtime wages every week. (Mot. at 4.) The Court agrees, as McKeehan's claims of both unpaid minimum wages and overtime are based on the same conduct, namely that class members "were not receiving all wages earned for work that was required to be performed. (Compl. ¶ 29.); *see Vasquez v. Randstad*, No. 17-04342, 2018 WL 327451, *3 (N.D. Cal. Jan. 9, 2018) (finding Defendant's amount-in-controversy calculations improperly double counted minimum wage and overtime damages where "Plaintiff's overtime and minimum wage claims are both premised on the notion that employees were forced to work through their meal breaks and were not paid for that time"); *Cackin*, 2021 WL 2222217, at *3 n.3 (finding inclusion of both minimum wage and overtime damages duplicative where "both the overtime and minimum wage claims are based on the allegation that class members were forced to work off-the-clock").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06955-JLS-SK            Date: January 17, 2023
Title: Jacob McKeehan v. JetSuiteX, Inc. et al

Because JetSuiteX's assumptions are unfounded, it has failed to carry its burden of demonstrating a sufficient amount-in-controversy by a preponderance of the evidence and remand is appropriate.

### IV. CONCLUSION

For the foregoing reasons, the jurisdictional threshold is not met, and McKeehan's Motion is GRANTED. This case is remanded to Los Angeles Superior Court, Case No. 22STCV24435.

Initials of Deputy Clerk:  vrv